# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MICHAEL BUTLER,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ROBINSON, et al.,<br><br>Defendants. | Case No. 1:22-cv-01591-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF Nos. 5, 7) |

Plaintiff Christopher Michael Butler is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff's complaint in this action was filed on December 13, 2022. (ECF No. 1.)

On December 21, 2022, the Court screened the complaint, found no cognizable claims, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 5.)

Plaintiff failed to file an amended complaint or otherwise respond to the Court's December 21, 2022 order. Therefore, on January 30, 2023, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 7.) Plaintiff has failed to respond to the order to show cause and the time to do so has now passed. Accordingly, dismissal of the action is warranted.

///

1

# I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///
///
///
///

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff is currently incarcerated at the Kings County Jail where the events at issue in the complaint occurred. The Court presumes that Plaintiff is a pretrial detainee.

Plaintiff names Sheriff David Robinson, Captain C. Thomas, Sergeant V. Rodriguez, Deputy Cervantes, and Chaplain Davis, as Defendants.

By way of administrative remedies, Plaintiff alerted all the parties that the top tier cells in A&B pod do not have fire sprinkles, while the bottom tier cells have two sprinklers. Plaintiff asked each Defendant to have them installed, but he received negative responses. This took place while Plaintiff was housed in a pod in quarantine which caused emotional distress. Plaintiff's inmate grievances disappeared after handing them to Deputy Cervantes.

Plaintiff has been denied a Halal religious diet. Plaintiff was denied by each Defendant by way of letters and/or grievances.

Plaintiff is a Luciferian/Satanist and requested spiritual books, but his requests were denied because the materials would not be purchased by Plaintiff's family. It was stated that any funds used from the jail must be for Christian based materials.

## III.

## DISCUSSION

A. **Conditions of Confinement**

"[P]retrial detainees ... possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987). "If a plaintiff "had not been convicted of a crime, but had only been arrested, [then] his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment." " Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); see also Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied upon in

considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions").

Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' rights to be free from punishment. See Block v. Rutherford, 468 U.S. 576, 584 (1984) (citing Bell, 441 U.S. at 538-39); Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008); Demery v. Arpaio, 378 F.3d 1020, 1028-29 (9th Cir. 2004) (holding that streaming live images of pretrial detainees to internet users around the world through the use of world-wide web cameras was not reasonably related to a non-punitive purpose, and thus, violated the Fourteenth Amendment); Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1160-61 (9th Cir. 2003); Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002); White v. Roper, 901 F.2d 1501, 1504 (9th Cir. 1990); see also Florence v. Board of Chosen Freeholders of Cnty. of Burlington, 132 S. Ct. 1510, 1515-16 (2012). Order and security are legitimate penological interests. See White, 901 F.2d at 1504.

As for the risk of fire resulting from the lack of sprinkles on the top tier cells in A&B pods, the allegations do not give rise to a reasonable inference that the fire hazard is substantial. Plaintiff's complaint that his cell is unsafe due to the lack of fire sprinkles is conclusory and fails to state a claim under § 1983. See, e.g., Sampson v. King, 693 F.2d 566, 569 (5th Cir. 1982) ("In operating a prison, ... the state is not constitutionally required to observe all the safety and health standards applicable to private industry. Nor is it bound by the standards set by the safety codes of private organizations. Standards suggested by experts are merely advisory. A federal court required to gauge the conduct of state officials must use minimum constitutional standards as the measure." (citations omitted)); Patin v. LeBlanc, No. 11-3071, 2012 WL 3109402, at *17 (E.D. La. May 18, 2012), adopted, 2012 WL 3109398 (E.D. La. July 31, 2012); Davis v. St. Charles Parish Corr. Center, No. 10-98, 2010 WL 890980, at *7 (E.D. La. Mar. 8, 2010); Jernigan v. Dretke, No. H-04-4672, 2005 WL 1185627, at *3 (S.D. Tex. Apr. 29,

2005) ("At the most, Jernigan has alleged a condition that may violate local fire codes. The prison does not violate the Constitution if it fails to comply with all health and safety standards. Although the situation Jernigan describes is far from ideal, it is not so patently egregious or clearly dangerous that the prison officials could be found to be deliberately indifferent if they allowed it to continue. No actual harm has been alleged, and Jernigan's speculative worries do not establish a claim." (citations omitted)).

Further, even if Plaintiff may be implying that the jail may was not compliant with relevant safety codes, it must be noted that while fire and electrical codes "can be helpful in determining whether a lack of fire safety" rises to the level of a constitutional violation, such codes "are not determinative." Johnson v. Texas Board of Criminal Justice, 281 F. App'x 319, 322 (5th Cir. 2008). Moreover, where, as here, an inmate does not "allege that anyone had been injured by any type of fire or that [the jail] was built from flammable materials or was particularly susceptible to fires, his allegations do not state a viable claim." Id.; accord Hunnewell v. Warden, Maine State Prison, No. 93-1917, 1994 WL 52643, at *4 (1st Cir. Feb. 23, 1994) ("[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution.

Accordingly, Plaintiff fails to state a cognizable claim for relief for unconstitutional conditions of confinement.

**B.     Exercise of Religion**

The First Amendment bars the government from, among other things, "making a law prohibiting the free exercise of religion." Hartmann v. Cal. Dep't Corrs. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013). Although Plaintiff does not specifically invoke it, the Court liberally construes Plaintiff's complaint as attempting to state claims under both the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). See 42 U.S.C. § 2000cc-1(a); see also Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008) (noting that a prisoner need not identify RLUIPA as a cause of action in order to state a claim based upon that law). Section 3 of RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution...even if the

burden results from a rule of general applicability" absent a showing that the burden imposed is "in furtherance of a compelling government interest" and "is the least restrictive means of furthering...that interest." 42 U.S.C. § 2000cc-1(a).

Plaintiff's complaint fails to state a First Amendment free exercise or RLUIPA claim against Defendants. In order to state a free exercise claim, Hawkins must "show that the government action in question substantially burdens the person's practice of [their] religion. "A substantial burden places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressures on an adherent to modify his behavior and to violate his beliefs." Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (internal citations, quotation marks, and alterations omitted). Similarly, the Ninth Circuit has explained that a " 'substantial burden' " sufficient to state a RLUIPA claim is a " 'significantly great restriction or onus upon [religious] exercise,' " and "[i]n the context of a prisoner's constitutional challenge to institutional policies, [the Ninth Circuit] has held that a substantial burden occurs 'where the state...denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs.' " Hartmann, 707 F.3d at 1124-25 (quoting San Jose Christian Coll. v. City of Morgan Hill, 360 F.3d 1024, 1039 (9th Cir. 2004); Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005)).

Plaintiff has not plausibly alleged how Defendants have placed a substantial burden on his religious exercise, and how, if at all, the conduct alleged "prevented him from fulfilling the commandments" of his religion. See Wolcott v. Bd. of Rabbis, 738 F. App'x 538, 539 (9th Cir. 2018) (explaining that non-conclusory allegations "that [plaintiff's] possession and use of Jewish artifacts were restricted, such restriction prevented him from fulfilling the commandments of the Jewish faith, and a substantial burden on his exercise of Judaism resulted" were sufficient to survive screening pursuant to 28 U.S.C. Section 1915A). Plaintiff has failed to demonstrate that the denial of his Halal diet substantially burdened the exercise of his religion. Indeed, the Kings County Sheriff's Office Religion Interview Questionnaire, noted that it "currently only has approved-special religious diets Vegan, Kosher, and Vegetarian. You must select from those

choices. Resubmit application." (ECF No. 1 at 7.) In addition, Plaintiff has not shown that jail officials' failure to provide him certain unspecified religious books denied him a reasonable opportunity to exercise his faith such that he was subjected to a substantial burden on the exercise of his religion. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### C. Equal Protection

To the extent Plaintiff contends that his rights under the Equal Protection Clause were violated, he fails to provide sufficient facts to give rise to such a claim.

The Fourteenth Amendment's Equal Protection Clause "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike. Prisoners are protected under the Equal Protection Clause....To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (citations, internal quotation marks and punctuation omitted).

"This does not mean, however, that all prisoners must receive identical treatment and resources." Hartmann, 707 F.3d at 1123; accord, Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972) ("A special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand."). "Prisons must afford an inmate of a minority religion a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts. Prisons need not provide identical facilities or personnel to different faiths, but must make good faith accommodation of the prisoners' rights in light of practical considerations. To succeed on an equal protection claim, a plaintiff in a section 1983 claim must show that officials intentionally acted in a discriminatory manner." Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997) (citations, internal quotation

marks and noted edits omitted), abrogated on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008).

Plaintiff contends that he is a Luciferian/Satanist and requested spiritual books, but his requests were denied because the materials would not be purchased by Plaintiff's family.  It was stated that any funds used from the jail must be for Christian based materials.  While Plaintiff may be able to state a cognizable equal protection claim, he has failed to provide sufficient factual detail to support his claim.  Plaintiff lists several books he requested, it is not clear that such books would fall within his religious beliefs or that such books were authorized.  Without this information, the Court cannot determine that Plaintiff states a cognizable equal protection claim.

**IV.**

**FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**

Here, the Court screened Plaintiff's complaint, and on December 21, 2022, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days.  (ECF No. 5.)  Plaintiff did not file an amended complaint or otherwise respond to the Court's December 21, 2022 order.  Therefore, on January 30, 2023, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF No. 7.)  Plaintiff failed to respond to the January 30, 2023 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52,

53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of December 21, 2022 and has not done so. Accordingly, the operative pleading is the December 13, 2022 complaint which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's December 21, 2022 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 5.) In addition, the Court's January 30, 2023, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for failure to comply with a court order, failure to prosecute, and failure to state a cognizable claim for relief." (ECF No. 7.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

**V.**

**ORDER AND RECOMMENDATION**

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file An amended complaint or respond to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the December 21, 2022 and January 30, 2023 orders, and failure to prosecute this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 22, 2023**

UNITED STATES MAGISTRATE JUDGE